# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE MOURNING,<br><br>                            Petitioner,<br><br>v.<br><br>ROBERT BURTON, Warden, et al.,<br><br>                            Respondents. | Case No.: 3:23-cv-1898-CAB-BGS<br><br>**ORDER: (1) GRANTING IN FORMA PAUPERIS APPLICATION (ECF No. 5) AND**<br><br>**(2) DISMISSING AMENDED PETITION WITHOUT PREJUDICE** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. On October 27, 2023, this Court denied Petitioner's Motion to Proceed *In Forma Pauperis* ("IFP") because he failed to include a copy of his prison certificate. *See* ECF No. 3. On the same day, a second IFP Motion was filed which includes the required certificate. *See* ECF No. 4. Petitioner filed a First Amended Petition on October 30, 2023. ECF No. 5.

**REQUEST TO PROCEED IN FORMA PAUPERIS**

Based on Petitioner's prison certificate and trust account statement, he has no funds on account at the California correctional institution in which he is presently confined. *See* ECF No. 4 at 2–3. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the

above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Amended Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## ABSTENSION

However, the First Amended Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time he filed the instant Amended Petition, Petitioner admits that he has yet to receive a decision on her direct appeal to the California Court of Appeal. *See* ECF No. 5 at 2. Thus, his criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests. Finally, Petitioner is afforded an opportunity to raise his federal issues as part of the state appellate proceedings. Therefore, Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings and as such the case must be dismissed. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

## CONCLUSION

For the foregoing reasons, the Petitioner's request to proceed in forma pauperis is **GRANTED** and the Amended Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

Dated:  October 31, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge